## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

United States of America,

        Plaintiff,                        CIV. NO. 8:19-CV-1060

        v.

One 2017 Lamborghini Huracan,
Vehicle Identification Number
ZHWUR1ZF7HLA05916; and,

One 2017 Porsche Cayenne,
Vehicle Identification Number
WP1AA2A29HKA83052;

        Defendants *in rem*.

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by and through its undersigned attorneys, brings this verified complaint in a civil action *in rem* to condemn and forfeit the above-listed defendant property to the use and benefit of the United States of America in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. In support of its cause, Plaintiff states and alleges as follows:

### NATURE OF THE ACTION

1.     This is a civil forfeiture action against assets involved in, and traceable to, violations of the money laundering control laws of the United States, namely 18 U.S.C. §§ 1956(a), (h); and 1957. These assets are also

traceable to an offense against a foreign nation involving fraud and bribery of a public official. Accordingly, these funds are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A), (C), and 984.

## JURISDICTION AND VENUE

2.      This court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345 and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

3.      Venue for this action is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395 because acts or omissions giving rise to the forfeiture occurred in this district.

## DEFENDANTS *IN REM*

4.      The defendants *in rem* consist of the following:

   a. One 2017 Lamborghini Huracan with vehicle identification number ZHWUR1ZF7HLA05916 (the "Lamborghini");

   b. One 2017 Porsche Cayenne with vehicle identification number WP1AA2A29HKA83052 (the "2017 Porsche");

5.      Pursuant to warrants issued in the Southern District of Florida, these defendants *in rem* were seized by federal law enforcement agents on or about January 9, 2018, from a parking garage on Collins Avenue, Sunny Isles Beach, in the Southern District of Florida.

6.      The defendants *in rem* remain located in the Southern District of Florida at the time of this filing.

7.      In light of these seizures, the United States requests the issuance of an arrest warrant *in rem* signed by the Clerk of Court for each defendant *in rem*. *See* Supplemental Rule G(3)(b)(i).

## BACKGROUND

8.      At the time of seizure, the Lamborghini and the 2017 Porsche were each registered in the State of Florida to Jenny Lizeth Ambuila Chara ("Ambuila") at a luxury residence tower attached to the parking garage described above.

9.      The Internal Revenue Service commenced administrative forfeiture proceedings against the Lamborghini and the 2017 Porsche and a claim was subsequently filed by Ambuila through counsel in the United States.

10.     On or about March 28, 2019, Ambuila, her parents Omar Ambuila ("Omar") and Elba Chara Gomez ("Chara"), as well as several associates, were arrested by Colombian police and charged in Colombia with money laundering offenses related to bribery and corruption at the Port of Buenaventura, Colombia.

## PROBABLE CAUSE

11.     Omar is a resident of Colombia and is Ambuila's father. At all times relevant to this Verified Complaint, he has been employed as a customs

~~official for the Government of Colombia and his official salary has never~~ exceeded the Colombian peso equivalent of approximately $60,000.00 per year.

12.    Chara is a resident of Colombia, and is Ambuila's mother and Omar's wife. Chara is an attorney in Colombia and Colombian business records list her and Ambuila as associated with a real estate business and an ice cream business in Colombia.

13.    On or about January 4, 2014, Omar was searched by U.S. customs authorities after arriving at Miami International Airport from Bogota, Colombia. In violation of 18 U.S.C. §§ 5316-5317, Omar failed to fully declare approximately $21,000.00 in cash on his person and in his belongings.

14.    In or about 2012 until at the least the date of seizures, Omar has been accepting bribes from individuals in Colombia in exchange for corrupt assistance at the Port of Buenaventura, such as for allowing shipping containers through customs without full duty enforcement.

15.    Similar to the United States, Colombian anti-money laundering laws require financial institutions to collect and report customer transaction details regarding deposits over a certain threshold. Frequent, unexplained cash deposits from a government official such as Omar would typically draw regulatory and law enforcement scrutiny.

16.    To evade Colombian anti-money laundering laws and regulations, Omar engaged Chara and other associates in a conspiracy to transfer the proceeds of bribery and other corrupt acts to the United States in a series of third

party wire transfers and hand deliveries of cash in Tampa and Miami for the benefit of Ambuila.

17.   The Lamborghini and the 2017 Porsche were each purchased at least in part with these bribe proceeds paid to Omar. With the help of Chara and other co-conspirators, bribe proceeds were disguised as legitimate funds and funneled to the United States to benefit Ambuila for the purpose of concealment from Colombian and American legal authorities. Ambuila further converted Omar's bribe proceeds into the Lamborghini and the 2017 Porsche to perfect the subterfuge. The disguised transfer of bribe proceeds into the United States to hide assets from law enforcement is a violation of, among others, 18 U.S.C. § 1956(a)(2).

18.   Specifically, between in or about September 2013 through January 2018, Omar utilized surrogates to transfer at least $500,000.00 to Ambuila's accounts in Florida, typically cash deposits. During this time period, and at all other times relevant to this Verified Complaint, Ambuila was not employed in the United States.

19.   Records of the State of Florida Division of Corporations indicate that there are possibly two corporations associated with Ambuila, neither of which filed annual reports with the state, and neither of which contributed funds towards the purchase of the Defendants *in rem*. One was formed by Ambuila approximately two months after the government's seizure and shares the name of an ice cream store in Colombia associated with Chara. The other, Holiday

~~Investments USA Corp, was active according to Florida Division of~~

Corporation records for a mere fifteen months during 2014 and 2015.

20.     From on or about April 19, 2013, until on or about April 24, 2013, while Ambuila resided in the Middle District of Florida, Omar utilized surrogates to transfer approximately $20,000.00 in illicit proceeds to a car dealership in Tampa, Florida, to purchase Ambuila a 2013 Porsche. Dealership and bank records show the remittance of a $20,000.00 cashiers' check by an associate of Omar's in the United States. In exchange, the associate received a payment of approximately $1,000 from Chara and Omar. Bank records indicate the cashiers' check was drawn on an account opened just days prior to the car purchase with a single cash deposit of a little more than $19,000.00.

21.     In or about October 2016, Ambuila traded in the 2013 Porsche that had been purchased with illicit proceeds, and received a $30,000.00 credit at a Miami area car dealership towards the purchase of the 2017 Porsche. On or about October 6, 2016, approximately $50,000.00 was wire transferred from Banco de Occidente in Colombia by Chara to Ambuila's account at Citibank in the United States. On or about October 13, 2016, Ambuila wire transferred approximately $52,000.00 to the car dealership to complete the purchase of the 2017 Porsche.

22.     Engaging in a monetary transaction with criminally derived proceeds valued at over $10,000.00 is a violation of, among others, 18 U.S.C. § 1957(a).

23.     The Lamborghini purchase was completed by Ambuila for approximately $329,263.19 on or about December 26, 2016, from a dealership in the Miami area.

24.     Omar was present at the dealership during the Lamborghini purchase and portrayed himself to the dealer as a former professional soccer player. In fact, as previously alleged, Omar was at all times relevant to this Verified Complaint a Colombian government official.

25.     Approximately $297,000.00 was paid to the Lamborghini dealership through wire transfers from a Colombia-based import/export company with no public ties to Ambuila, Chara, or Omar.

26.     Each of the transactions described in the foregoing affected interstate and foreign commerce.

### FIRST CLAIM FOR FORFEITURE

#### (18 U.S.C. § 981(a)(1)(A) – Property Involved in International Money Laundering)

27.     The allegations contained in the foregoing paragraphs of this Verified Complaint for Forfeiture *In Rem* are incorporated by reference.

28.     Pursuant to 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property," is subject to forfeiture by the United States.

29.     18 U.S.C. § 1956(a)(2)(A) makes it illegal for anyone to transport, transmit or transfer, or attempt to transport, transmit or transfer "a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States... knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity[.]"

30.     Pursuant to 18 U.S.C. § 1956(c)(7)(B) with respect to an offense against a foreign nation, bribery of a public official is a specified unlawful activity.

31.     For purposes of the civil forfeiture statutes and pursuant to 18 U.S.C. § 981(a)(2)(A), "proceeds" refers to "property of any kind obtained directly or indirectly, as a result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from this offense."

32.     The defendants *in rem,* also known as the Lamborghini and the 2017 Porsche, are property that constitute or are derived from proceeds involved in money laundering, specifically violations of 18 U.S.C. § 1956(a)(2)(A) by

Ambuila, Omar, and others. As a result, the defendants *in rem* are subject to forfeiture to the United States of America.

### SECOND CLAIM FOR FORFEITURE

**(18 U.S.C. § 981(a)(1)(A) – Property Involved in Monetary Transactions Derived from Specified Unlawful Activity)**

33.    The allegations contained in the foregoing paragraphs of this Verified Complaint for Forfeiture *In Rem* are incorporated by reference.

34.    18 U.S.C. § 1957(a) makes it illegal to "knowingly engage[] or attempt[] to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity[.]"

35.    Pursuant to 18 U.S.C. §§ 1956(c)(4) and 1957(f), a "monetary transaction" is defined to specifically include, among others, "a transaction which in any way or degree affects interstate or foreign commerce… involving the transfer of title to any real property, vehicle, vessel, or aircraft[.]"

36.    The defendants *in rem,* also known as the Lamborghini and the 2017 Porsche, are property that constitute or are derived from proceeds involved in money laundering, specifically violations of 18 U.S.C. § 1957(a) by Ambuila, Omar, and others, involving foreign bribery proceeds. As a result, the defendants *in rem* are subject to forfeiture to the United States of America.

## THIRD CLAIM FOR FORFEITURE

### (18 U.S.C. § 981(a)(1)(A) – Property Involved in a Conspiracy to Launder Monetary Instruments)

37.     The allegations contained in the foregoing paragraphs of this Verified Complaint for Forfeiture *In Rem* are incorporated by reference.

38.     18 U.S.C. § 1956(h) makes it illegal to "conspire[] to commit any offense defined in [section 1956] or section 1957."

39.     The defendants *in rem,* also known as the Lamborghini and the 2017 Porsche, are property that constitute or are derived from proceeds involved in money laundering, specifically violation of 18 U.S.C. § 1956(h), a multi-object conspiracy by Ambuila, Omar, and others to transfer proceeds of foreign bribery into the United States in violation of 18 U.S.C. § 1956(a)(2), and to engage in monetary transactions with foreign bribery proceeds in violation of 18 U.S.C. § 1957(a). As a result, the defendants *in rem* are subject to forfeiture to the United States of America.

## FOURTH CLAIM FOR FORFEITURE

### (18 U.S.C. § 981(a)(1)(C) – Proceeds of Foreign Bribery)

40.     The allegations contained in the foregoing paragraphs of this Verified Complaint for Forfeiture *In Rem* are incorporated by reference.

41.     Pursuant to 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation

of… or any offense constituting specified unlawful activity… or a conspiracy to commit such an offense," is subject to forfeiture by the United States.

42.    "Specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7)(B)(iv) to include… "an offense against a foreign nation… involving bribery of a public official, or the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official."

43.    The defendants *in rem,* also known as the Lamborghini and the 2017 Porsche, are property that constitute or are derived from proceeds of bribery of a foreign government official, in violation of 18 U.S.C. § 1956(c)(7)(b)(iv). As a result, the defendants *in rem* are subject to forfeiture to the United States of America.

### REQUEST FOR RELIEF

WHEREFORE, the United States of America requests that Arrest Warrants *In Rem* and notice issue on the defendant property as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED this 1st day of May, 2019.

Respectfully submitted,

DEBORAH L. CONNOR
CHIEF
Money Laundering and Asset Recovery Section

By: _____

Joseph Palazzo, MA Bar. No. 669666
Trial Attorney, Criminal Division
US Department of Justice
1400 New York Avenue, NW
Washington, DC 20005
(202) 514-1263
joseph.palazzo@usdoj.gov

And

BYUNG J. PAK
United States Attorney
Northern District of Georgia

By: _____

James Mandolfo
Assistant United States Attorney
Florida Bar No. 96044
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000
james.mandolfo@usdoj.gov

## VERIFICATION BY SPECIAL AGENT ROSS W. SPENCER

I, Ross W. Spencer, a Special Agent for the United States Internal Revenue Service-Criminal Investigation, hereby verify and declare under penalty of perjury that I have read the foregoing Verified Complaint For Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint For Forfeiture *In Rem* are true to my own knowledge.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other sworn law enforcement officers, as well as my investigation of this case, along with others.

I hereby verify and declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

EXECUTED on this 1st day of May, 2019.

_____
Ross W. Spencer
Special Agent
Internal Revenue Service-Criminal Investigation