UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

In re: 2017 Lamborghini
Vehicle Identification Number
ZHWURIZF7HLA05916; and

CASE NO. 8:19-CV-1060-T-23JSS

2017 Porsche Cayenne
Vehicle Identification Number,
WPIAA2A29HKA83052,

    **Defendants** *in rem.*
_____/

**JENNY LIZBETH AMBUILA CHARA,**

    **Claimant.**
_____/

**DEFENDANTS *IN REM* AND CLAIMANT, JENNY LIZBETH AMBUILA CHARA'S MOTION TO DISMISS GOVERNMENT'S VERIFIED COMPLAINT FOR FORFEITURE BASED ON IMPROPER VENUE PURSUANT TO Fed.R.Civ.P. 12(b)(3) AND MOTION TO DISMISS BASED ON THE DOCTRINE OF F*ORUM NON CONVENIENS* AND REQUEST FOR EVIDENTIARY HEARING**

**COMES NOW** the **Defendants *In Rem*** and Claimant, **JENNY LIZBETH AMBUILA CHARA,** by and through the undersigned counsel, and present herewith, their Motion to Dismiss Government's Verified Complaint for Forfeiture Based on Improper Venue Pursuant to Fed.R.Civ.P. 12(b)(3), and Motion to Dismiss Based on the Doctrine of *Forum Non Conveniens*, and Request for Evidentiary Hearing, and state as follows:

**PROCEDURAL BACKGROUND**

1. On January 9, 2018, the Internal Revenue Service ("IRS") seized a 2017 Lamborghini, Vehicle Identification Number ZHWURIZF7HLA05916 and a 2017 Porsche Cayenne, Vehicle Identification Number WPIAA2A29HKA83052 in the Southern District of

Florida. (In-fact, as of May I, 2019, said vehicles continue to be stored in the Southern District of Florida.)

2. The IRS commenced administrative forfeiture proceedings of the vehicles, and on March 13, 2018, the Claimant, Jenny Ambuila, filed her claim through the undersigned counsel contesting the forfeiture.

3. On May 1, 2019, the Government filed its Verified Complaint for Forfeiture [D.E. 1], therein stating the standard "boiler-plate" language at paragraph 3, as follows:

> "Venue for this action is proper in this district pursuant to 28 U.S.C. §§1355(b)(l)(A) and 1395 because acts or omissions giving rise to the forfeiture occurred in this district."

4. It is respectfully submitted that venue is not properly lodged in the Middle District of Florida, but rather the Southern District of Florida is the proper venue for this proceeding.

5. The within Motion to Dismiss based on Improper Venue is filed in the utmost of good faith and in the interest of justice.

## ARGUMENT

The Middle District of Florida is not the proper venue for this forfeiture action.

First, it should be noted that the vehicles were seized in Sunny Isles, Miami-Dade County, Florida, at a condominium parking garage, pursuant to warrants issued in the Southern District of Florida, and as of May I, 2019, said vehicles continue to be stored in the Southern District of Florida. (See paragraphs 5 and 6 if the Verified Complaint for Forfeiture.)

Paragraph 8 of the Verified Complaint for Forfeiture states, "At the time of seizure, the Lamborghini and the 2017 Porsche were each registered in the State of Florida to Jenny Lizeth Ambuila Chara ("Ambuila") at a luxury residence tower attached to the parking garage described above."

In an effort to prejudice this court, the Government states at paragraph 10 of the Verified Complaint for Forfeiture, "On or about March 28, 2019, Ambuila, her parents, Omar Ambuila ("Omar") and Elba Chara Gomez ("Chara"), as well as several associates, were arrested by Colombian police and charged in Colombia with money laundering offenses related to bribery and corruption at the Port of Buenaventura, Colombia." It is respectfully submitted that this allegation does nothing to support venue in the Middle District of Florida.

Similarly, the following allegations in the Complaint do nothing to support venue in the Middle District of Florida: (Emphasis supplied as noted below.)

> "11. Omar is a ***resident of Colombia*** and is Ambuila's father. At all times relevant to this Verified Complaint, he has been employed as a customs official for *the government of Colombia* …"
>
> "12. Chara is a ***resident of Colombia***, and is Ambuila's mother and Omar's wife. Chara is ***an attorney in Colombia*** and Colombian business records list her and Ambuila as associated with a real estate business and an ice cream business *in Colombia.*"
>
> "13. On or about ***January 4, 2014***, Omar was searched by U.S. customs authorities after arriving at Miami International Airport from Bogota, Colombia. In violation of 18 U.S.C. §§ 5316-5317, Omar failed to fully declare approximately $21,000.00 in cash on his person and in his belongings." **[Over five (5) years ago.]**
>
> "14. ***In or about 2012*** until at the least the date of seizures, Omar has been accepting bribes from individuals *in Colombia* in exchange for corrupt assistance *at the Port of Buenaventura*, such as for allowing shipping containers through customs without full duty enforcement." **[Over seven (7) years ago.]**
>
> "15. Similar to the United States, ***Colombian anti-money laundering laws*** require financial institutions to collect and report customer transaction details regarding deposits over a certain threshold. Frequent, unexplained cash deposits from a government official such as Omar would typically draw regulatory and law enforcement scrutiny."
>
> "16. To evade ***Colombian anti-money laundering laws and regulations***, Omar engaged Chara and other associates in a conspiracy to transfer the proceeds of bribery and other corrupt acts to the United States in a series of third party wire-transfers and hand deliveries of cash in Tampa and Miami for the benefit of

Ambuila." **[No time period noted. How much money? What happened with the cash?] [Ambuila was a student residing in Miami.]**

"17. The Lamborghini and the 2017 Porsche were each purchased *at least in part with these bribe proceeds* paid to Omar. With the help of Chara and other co-conspirators, bribe proceeds were disguised as legitimate funds and *funneled to the United States to benefit Ambuila* for the purpose of concealment from Colombian and American legal authorities. *Ambuila further converted Omar's bribe proceeds into the Lamborghini and the 2017 Porsche to perfect the subterfuge*. The disguised transfer of bribe proceeds into the United States to hide assets from law enforcement is a violation of, among others, 18 U.S.C. §1956(a)(2)." **[What "bribe proceeds?"] [The vehicles were purchased in the Southern District of Florida.]**

"18. Specifically, between in or about September 2013 through January 2018, Omar utilized surrogates to transfer at least $500,000.00 to Ambuila's *accounts in Florida,* typically cash deposits. During this time period, and at all other times relevant to this Verified Complaint, Ambuila was not employed in the United States." **[Does not specify in which federal district the funds were allegedly transferred to.] [Ambuila was a student residing in Miami with accounts in the Southern District of Florida.]**

"19. Records of the State of Florida Division of Corporations indicate that there are possibly two corporations associated with Ambuila, neither of which filed annual reports with the state, and neither of which contributed funds towards the purchase of the Defendants *in rem.* One was formed by Ambuila approximately two months after the government's seizure and *shares the name of an ice cream store in Colombia* associated with Chara. The other, Holiday Investments USA Corp., was active according to the Florida Division of Corporation records for a mere fifteen months during 2014 and 2015."

"20. *From on or about April 19, 2013, until on or about April 24, 2013*, while Ambuila resided in the Middle District of Florida, Omar utilized surrogates to transfer approximately $20,000.00 in illicit proceeds to a car dealership in Tampa, Florida, *to purchase Ambuila a 2013 Porsche*. Dealership and bank records show the remittance of a $20,000.00 cashiers' check by an associate of Omar's in the United States. In exchange, the associate received a payment of approximately $1,000 from Chara and Omar. Bank records indicate the cashiers' check was drawn on an account opened just days prior to the car purchase with a single cash deposit of a little more than $19,000.00." **[Over six (6) years ago.] [A 2013 Porsche is not a subject of these forfeiture proceedings.]**

"23. The Lamburghi:ni- purchase was completed by Ambuila for approximately $329,263.19 on or about December 26, 2016, from *a dealership in the Miami area*."

"24. Omar was present *at the dealership during the Lamborghini purchase* and portrayed himself to the dealer as a former professional soccer player. In fact, as

4

previously alleged, Omar was at all tims relevant to this Verified Complaint a Colombian government official." **[The dealership in Miami.]**

"25. Approximately $297,000.00 was paid to the *Lamborghini dealership* through wire transfers from a Colombia-based import/export company with no public ties to Ambuila, Chara, or Omar." **[The dealership in Miami.]**

"26. Each of the transactions described in the foregoing affected interstate and foreign commerce."

## **MEMORANDUM OF LAW**

- **Motion to Dismiss Government's Verified Complaint for Forfeiture Based on Improper Venue.**

The burden is on the prosecution to prove venue. *United States v. Schlei,* 122 F.3d 944, 974 (11th Cir.1997). Federal Rule of Civil Procedure 12(b)(3) permits a party to file a motion to dismiss for improper venue in response to a pleading. Fed.R.Civ.P. 12(b)(3). A party moving for dismissal bears the burden of showing that venue does not lie. Further, it has been held that for *in rem* civil forfeiture proceedings, 28 U.S.C. §1355(b) governs venue.

Title 28 U.S.C. §1355(b) provides, in-part, "A forfeiture action or proceeding may be brought in- (A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or (B) any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute." 28 U.S.C. § 1355(b)(1).

The Government asserts very shallow and unsupported allegations in an attempt to establish venue in this district which appear to be nothing more than what could be considered "manufactured venue." Although the Government did not lure anyone to another district just to establish venue there, in this case, as essentially noted in *U.S. v. Meyers,* 692 F.2d 823, 847 n. 21 (2d Cir.1982), the key events occurred in one district (the Southern District of Florida), but the

prosecution, preferring trial elsewhere (the Middle District of Florida), chose some minor event simply to establish venue.

Further, the Supreme Court has recently affirmed the rule that "'in order to institute and perfect proceedings *in rem,...* the thing should be actually or constructively within the reach of the Court.' " *United States v. James Daniel Good Real Property,* 510 U.S. 43, ——, 114 S.Ct. 492, 503, 126 L.Ed.2d 490 (1993) (quoting *The Brig Ann,* 13 U.S. (9 Cranch) 289, 291, 3 L.Ed. 734 (1815)). *See also Republic Nat'l Bank of Miami v. United States,* 506 U.S. 80, ——, 113 S.Ct. 554, 559, 121 L.Ed.2d 474 (1992) ("the court must have actual or constructive control of the res when an *in rem* forfeiture suit is initiated"). This control is required in addition to the requirements of subject matter jurisdiction and venue. *See, e.g., 51 Pieces of Real Property Roswell, N.M.,* 17 F.3d at 1310 ("Even if a district is the proper venue for a civil forfeiture action, the court cannot proceed unless it has jurisdiction over the defendant property."); *Contents of Accounts Nos. 3034504504 and 144–07143,* 971 F.2d at 980–81 (subject matter jurisdiction and venue are distinct from ability of court to serve process on property). *United States v. All Funds on Deposit in Any Accounts Maintained in The Names of Heriberto Castro Meza or Esperanza Rodriquez De Castro, et al,* 63 F.3d 148 (2nd Cir. 1995).

Although this proposition is usually used for situations where the *res* is located in a foreign country, there is no reason why the same principal should not apply among federal districts. In the case-at-bar, at all times material hereto, the subject vehicles have been in the Southern District of Florida, not the Middle District of Florida.

- **Motion to Dismiss Based on the Doctrine of *Forum Non Conveniens*.**

Alternatively, under the doctrine of *forum non conveniens*, a district court may decline to exercise its jurisdiction when a foreign forum is better suited to adjudicate the dispute. *See*

*Kolawole v. Sellers*, 863 F.3d 1361, 1369 (11th Cir. 2017). The "central purpose" of *forum non conveniens* is "to ensure that the trial is convenient." *Id.* A defendant bears the burden of justifying dismissal based on *forum non conveniens*. *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983).

To satisfy this burden, the defendant must establish that "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1330 (11th Cir. 2011) (quoting *1049 *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310–11 (11th Cir. 2001)); *Fresh Results, LLC v. ASF Holland, B.V.,* 921 F.3d 1043 (11th Cir. 2019). It is submitted that all of the above requirements are fulfilled in this case.

The second part of the *forum non conveniens* analysis—the balancing of the private and public factors—is a "comparative inquiry [that] requires the district court to weigh the 'relative' advantages and disadvantages of each respective forum." *Id.* at 1331. The private factors "pertain to the interests of the participants in the litigation." *Id.* One of these factors is "the relative ease of access to sources of proof," which includes the "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *see also Piper Aircraft*, 454 U.S. at 241 n.6, 102 S.Ct. 252.

A court may consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public factors "pertain to the relative interests of the two fora." *Tazoe*, 631 F.3d at 1333. Among other things, the public factors consider "the administrative difficulties flowing from court congestion," "the 'local interest in having localized controversies decided at home,' " and "the unfairness of burdening citizens in an unrelated forum with jury

duty." *Piper Aircraft*, 454 U.S. at 241 n.6, 102 S.Ct. 252 (quoting *Gulf Oil*, 330 U.S. at 509, 67 S.Ct. 839).

In the case-at-bar, the overwhelming weight of the purported evidence and testimony is located within the Southern District of Florida, not the Middle District of Florida, therefore the far more convenient venue is the Southern District of Florida. Furthermore, on information and belief, there is virtually no evidence or testimony located within the Middle District of Florida.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL R. M.D. Fla. 3.0l(g)**

Counsel for the the Movant certifies that he has conferred with opposing counsel in a good faith effort to resolve the issues raised by these motions and to determine whether opposing counsel agrees to the resolution of the motions in accord with Local R. M.D. Fla. 3.0l(g). However, the parties have been unable to agree on the resolution of these motions and the Government has advised that it opposes the relief requested herein.

**WHEREFORE**, the **Defendants *In Rem*, 2017 Lamborghini Vehicle and 2017 Porsche Cayenne Vehicle**, and the Claimant, **JENNY LIZBETH AMBUILA CHARA**, respectfully pray that this Honorable Court enter its order granting the within Motion to Dismiss Government's Verified Complaint for Forfeiture Based on Improper Venue, and enter its order granting the Motion to Dismiss Based on the Doctrine of *Forum Non Conveniens*.

Additionally, Defendants *In Rem* and the Claimant request that this Court schedule an evidentiary hearing on the issues raised herein.

Respectfully submitted,

George J. Vila, Esquire
(Florida Bar No. 141704)
201 Alhambra Circle, Suite 702
Coral Gables, FL 33134
Tel: (305) 445-2540
Email: gvila@gjvpa.com
(Counsel for Defendants *in rem*,
2017 Lamborghini Vehicle and
2017 Porsche Cayenne Vehicle, and
Claimant, Jenny Lizbeth Ambuila Chara.)

By*:* */s/ George J. Vila*
George J. Vila, Esq.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 5th day of June, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

George J. Vila, Esquire
(Florida Bar No. 141704)
201 Alhambra Circle, Suite 702
Coral Gables, FL 33134
Tel: (305) 445-2540
Email: gvila@gjvpa.com
(Counsel for Defendants *in rem*,
2017 Lamborghini Vehicle and
2017 Porsche Cayenne Vehicle, and
Claimant, Jenny Lizbeth Ambuila Chara.)

By*:* */s/ George J. Vila*
George J. Vila, Esq.

# **SERVICE LIST**

**United States of America v. 2017 Lamborghini Vehicle and 2017 Porsche Cayenne Vehicle
Case No. 8:19-CV-1060
United States District Court, Middle District of Florida**

James D. Mandolfo
US Attorney's Office - FLM
Suite 3200
400 N. Tampa St.
Tampa, FL 33602
813-274-6000
Fax: 813-274-6125
Email: James.Mandolfo@usdoj.gov

Joseph Palazzo
US Department of Justice
Criminal Division
1400 New York Ave., Ste. 10302
Washington, DC 20001
202-445-7910
Email: joseph.palazzo@usdoj.gov