# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO. 8:19-CV-01060-SDM-JSS

      **Plaintiff,**

vs.

In re: 2017 Lamborghini
Vehicle Identification Number
ZHWURIZF7HLA05916; and

2017 Porsche Cayenne
Vehicle Identification Number,
WPIAA2A29HKA83052,

      **Defendants** *in rem.*
_____/

JENNY LIZBETH AMBUILA CHARA,

      **Claimant.**
_____/

## DEFENDANTS *IN REM* AND CLAIMANT, JENNY LIZBETH AMBUILA CHARA'S ANSWER TO COMPLAINT FOR FORFEITURE AND AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

**COMES NOW** the **Defendants *In Rem*** and Claimant, **JENNY LIZBETH AMBUILA CHARA** (hereinafter referred to as the "Claimant"), by and through the undersigned counsel, and files this their Answers to the Complaint for Forfeiture and Affirmative Defenses, and Demand for Jury Trial, and state as follows:

### ANSWERS TO COMPLAINT FOR FORFEITURE

1. The Defendants *In Rem* and the Claimant deny the allegations contained within paragraph 1 of the Complaint for Forfeiture and demand strict proof thereof.

2. The Defendants *In Rem* and the Claimant admit the allegations contained within paragraph 2 of the Complaint for Forfeiture.

3. The Defendants *In Rem* and the Claimant deny the allegations contained within paragraph 3 of the Complaint for Forfeiture and demand strict proof thereof.

4. The Defendants *In Rem* and the Claimant admit the allegations contained within paragraph 4 of the Complaint for Forfeiture.

5. The Defendants *In Rem* and the Claimant admit the allegations contained within paragraph 5 of the Complaint for Forfeiture.

6. The Defendants *In Rem* and the Claimant are without adequate knowledge with which to admit or deny the allegations contained within paragraph 6 of the Complaint for Forfeiture and demand strict proof thereof.

7. The Defendants *In Rem* and the Claimant deny the allegations contained within paragraph 7 of the Complaint for Forfeiture and affirmatively assert that the Government does not have a lawful basis for the issuance of the arrest warrant *in rem,* and demand strict proof thereof.

8. The Defendants *In Rem* and the Claimant admit the allegations contained within paragraph 8 of the Complaint for Forfeiture.

9. The Defendants *In Rem* and the Claimant admit the allegations contained within paragraph 9 of the Complaint for Forfeiture.

10. The Defendants *In Rem* and the Claimant admit the allegations contained within paragraph 10 of the Complaint for Forfeiture, however Claimant affirmatively denies that she was involved with any money laundering, bribery, or corruption.

11. The Claimant admits that Omar is a Colombian resident and is the Claimant's father, however she is without adequate knowledge with which to admit or deny the other

allegations contained within paragraph 11 of the Complaint for Forfeiture and demands strict proof thereof.

12. The Claimant admits that Chara is a Colombian resident and is the Claimant's mother, however she is without adequate knowledge with which to admit or deny the other allegations contained within paragraph 12 of the Complaint for Forfeiture and demands strict proof thereof.

13. The Defendants *In Rem* and the Claimant are without adequate knowledge with which to admit or deny the allegations contained within paragraph 13 of the Complaint for Forfeiture and demand strict proof thereof.

14. The Defendants *In Rem* and the Claimant deny the allegations contained within paragraph 14 of the Complaint for Forfeiture and demand strict proof thereof.

15. The Defendants *In Rem* and the Claimant are without adequate knowledge with which to admit or deny the allegations contained within paragraph 15 of the Complaint for Forfeiture and demand strict proof thereof.

16. The Defendants *In Rem* and the Claimant deny the allegations contained within paragraph 16 of the Complaint for Forfeiture and demand strict proof thereof.

17. The Defendants *In Rem* and the Claimant deny the allegations contained within paragraph 17 of the Complaint for Forfeiture and demand strict proof thereof.

18. The Defendants *In Rem* and the Claimant deny the allegations contained within paragraph 18 of the Complaint for Forfeiture and demand strict proof thereof.

19. The Defendants *In Rem* and the Claimant are without adequate knowledge with which to admit or deny the allegations contained within paragraph 19 of the Complaint for Forfeiture and demand strict proof thereof.

20. The Defendants *In Rem* and the Claimant deny the allegations contained within paragraph 20 of the Complaint for Forfeiture and demand strict proof thereof.

21. The Defendants *In Rem* and the Claimant deny the allegations contained within paragraph 21 of the Complaint for Forfeiture and demand strict proof thereof.

22. The Defendants *In Rem* and the Claimant admit the allegations contained within paragraph 22 of the Complaint for Forfeiture.

23. The Defendants *In Rem* and the Claimant admit the allegations contained within paragraph 23 of the Complaint for Forfeiture.

24. The Defendants *In Rem* and the Claimant deny the allegations contained within paragraph 24 of the Complaint for Forfeiture and demand strict proof thereof.

25. The Defendants *In Rem* and the Claimant are without adequate knowledge with which to admit or deny the allegations contained within paragraph 25 of the Complaint for Forfeiture and demand strict proof thereof.

26. The Defendants *In Rem* and the Claimant deny the allegations contained within paragraph 26 of the Complaint for Forfeiture and demand strict proof thereof.

27. With regard to paragraph 27 of the Complaint for Forfeiture, the Defendants *In Rem* and the Claimant reassert and incorporate by reference their answers to paragraphs 1 through 26, inclusive, as if set forth fully herein.

28. The Defendants *In Rem* and the Claimant admit the allegations contained within paragraph 28 of the Complaint for Forfeiture.

29. The Defendants *In Rem* and the Claimant admit the allegations contained within paragraph 29 of the Complaint for Forfeiture.

30. The Defendants *In Rem* and the Claimant deny the allegations contained within paragraph 30 of the Complaint for Forfeiture and demand strict proof thereof.

31. The Defendants *In Rem* and the Claimant admit the allegations contained within paragraph 31 of the Complaint for Forfeiture.

32. The Defendants *In Rem* and the Claimant deny the allegations contained within paragraph 32 of the Complaint for Forfeiture and demand strict proof thereof.

33. With regard to paragraph 33 of the Complaint for Forfeiture, the Defendants *In Rem* and the Claimant reassert and incorporate by reference their answers to paragraphs 1 through 32, inclusive, as if set forth fully herein.

34. The Defendants *In Rem* and the Claimant admit the allegations contained within paragraph 34 of the Complaint for Forfeiture.

35. The Defendants *In Rem* and the Claimant admit the allegations contained within paragraph 35 of the Complaint for Forfeiture.

36. The Defendants *In Rem* and the Claimant deny the allegations contained within paragraph 36 of the Complaint for Forfeiture and demand strict proof thereof.

37. With regard to paragraph 37 of the Complaint for Forfeiture, the Defendants *In Rem* and the Claimant reassert and incorporate by reference their answers to paragraphs 1 through 36, inclusive, as if set forth fully herein.

38. The Defendants *In Rem* and the Claimant admit the allegations contained within paragraph 38 of the Complaint for Forfeiture.

39. The Defendants *In Rem* and the Claimant deny the allegations contained within paragraph 39 of the Complaint for Forfeiture and demand strict proof thereof.

40. With regard to paragraph 40 of the Complaint for Forfeiture, the Defendants *In Rem* and the Claimant reassert and incorporate by reference their answers to paragraphs 1 through 39, inclusive, as if set forth fully herein.

41. The Defendants *In Rem* and the Claimant deny the allegations contained within paragraph 41 of the Complaint for Forfeiture and demand strict proof thereof.

42. The Defendants *In Rem* and the Claimant admit the allegations contained within paragraph 42 of the Complaint for Forfeiture.

43. The Defendants *In Rem* and the Claimant deny the allegations contained within paragraph 43 of the Complaint for Forfeiture and demand strict proof thereof.

**AFFIRMATIVE DEFENSES TO COMPLAINT FOR FORFEITURE**

1. The 2017 Lamborghini Vehicle and 2017 Porsche Cayenne Vehicle were purchased with legitimate funds that were not derived from specified or otherwise unlawful activities and therefore are not subject to forfeiture, nor can the Government meet its burden in that regard.

2. An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute, therefore in the event the funds with which the 2017 Lamborghini Vehicle and 2017 Porsche Cayenne Vehicle were purchased are found to have been derived from a specified or otherwise unlawful activity, the Claimant hereby affirmatively asserts the innocent owner defense pursuant to 18 U.S.C. §983(d)(2) and/or (3), and states that she is entitled to maintain ownership of said vehicles without any encumbrances or claims by the United States of America.

3. An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute, therefore in the event the funds with which the 2017 Lamborghini Vehicle and 2017 Porsche Cayenne Vehicle were purchased are found to have been derived from a specified or otherwise unlawful activity, the Claimant hereby affirmatively asserts an equitable innocent

owner defense, and states that she is entitled to maintain ownership of said vehicles without any encumbrances or claims by the United States of America.

4. In the event the funds with which the 2017 Lamborghini Vehicle and 2017 Porsche Cayenne Vehicle were purchased are found to have been derived from a specified or otherwise unlawful activity, the Claimant hereby affirmatively asserts that she did not have knowledge of such derivation from specified or otherwise unlawful activity.

5. The Complaint for Forfeiture has been filed in the improper venue and should be dismissed.

6. The Complaint for Forfeiture has been filed in violation of the Doctrine of *Forum Non Conveniens*, and should therefore be dismissed.

7. The federal forfeiture statute under which this proceeding has been instituted is unconstitutional, both on its face and applied, and violates the takings clause of the Fifth Amendment.

8. If the court determines that the Claimant is an innocent owner who has a partial interest in the 2017 Lamborghini Vehicle and/or the 2017 Porsche Cayenne Vehicle and that the vehicles are otherwise subject to forfeiture, the Court may enter an appropriate order -- transferring the property to the Government with a provision that the Government compensate the Claimant to the extent of her ownership interest once a final order of forfeiture has been entered and the property has been reduced to liquid assets, or the Court may permit the Claimant to retain the vehicles subject to a lien in favor of the Government to the extent of the Government's forfeitable interest in the property.

9. The forfeitability of the 2017 Lamborghini Vehicle and the 2017 Porsche Cayenne Vehicle should be determined separately and not treated as one inseparable item.

10. In the event the Court finds the 2017 Lamborghini Vehicle and the 2017 Porsche Cayenne Vehicle to be forfeitable, the Claimant requests the Court to apply the Doctrine of Proportionality to determine whether the forfeiture would be constitutionally excessive in light of the gravity of the offense giving rise to the forfeiture, and to determine if the forfeiture would be grossly disproportionate in the interest of avoiding a violation of the Excessive Fines Clause of the Eighth Amendment of the Constitution.

11. The Doctrines of Waiver and Estoppel should be applied to prevent the Government from forfeiting the 2017 Lamborghini Vehicle and the 2017 Porsche Cayenne Vehicle, based on the extraordinary length of time the Government took before filing its Compliant for Forfeiture after they had seized the subject vehicles.

12. The United States of America has failed to state a claim upon which relief can be granted.

13. The Defendants *In Rem* and the Claimant hereby reserve their right to assert any other affirmative defenses that discovery reveals to be applicable so as to avoid waiver of the same.

**DEMAND FOR JURY TRIAL**

The **Defendants *In Rem*** and Claimant, **JENNY LIZBETH AMBUILA CHARA,** hereby demand a trial by jury.

**DEFENDANTS *IN REM* AND THE CLAIMANT'S PRAYER FOR RELIEF**

**WHEREFORE**, the **DEFENDANTS *IN REM*** and Claimant, **JENNY LIZBETH AMBUILA CHARA,** pray for a judgment as follows:

a) That Plaintiff take nothing by way of the Complaint for Forfeiture and the Court dismiss the Complaint with prejudice;

b) That the Court enter judgment that the **DEFENDANTS *IN REM*** and Claimant, **JENNY LIZBETH AMBUILA CHARA,** are the prevailing parties in this action;

c) That the Court award the **DEFENDANTS *IN REM*** and Claimant, **JENNY LIZBETH AMBUILA CHARA,** all costs, expenses, and attorneys' fees that they are entitled to under Federal and Florida law;

d) The **DEFENDANTS *IN REM*** and Claimant, **JENNY LIZBETH AMBUILA CHARA,** demand a trial by jury.

e) That the Court award any and all other relief to which the **DEFENDANTS *IN REM*** and Claimant, **JENNY LIZBETH AMBUILA CHARA,** may be entitled.

Respectfully submitted,

George J. Vila, Esquire
(Florida Bar No. 141704)
201 Alhambra Circle, Suite 702
Coral Gables, FL 33134
Tel: (305) 445-2540
Email: gvila@gjvpa.com
(Counsel for Defendants *in rem*,
2017 Lamborghini Vehicle and
2017 Porsche Cayenne Vehicle, and
Claimant, Jenny Lizbeth Ambuila Chara.)
By*: /s/ George J. Vila*
　　George J. Vila, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of September, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

George J. Vila, Esquire
(Florida Bar No. 141704)
201 Alhambra Circle, Suite 702
Coral Gables, FL 33134
Tel: (305) 445-2540
Email: gvila@gjvpa.com
(Counsel for Defendants *in rem*,
2017 Lamborghini Vehicle and
2017 Porsche Cayenne Vehicle, and
Claimant, Jenny Lizbeth Ambuila Chara.)

By: */s/ George J. Vila*
    George J. Vila, Esq.

## SERVICE LIST

**United States of America v. 2017 Lamborghini Vehicle and 2017 Porsche Cayenne Vehicle**
**(Claimant: Jenny Lizbeth Ambuila Chara)**
**Case No. 8:19-CV-01060-SDM-JSS**
**United States District Court, Middle District of Florida**

James D. Mandolfo
US Attorney's Office - FLM
Suite 3200
400 N. Tampa St.
Tampa, FL 33602
813-274-6000
Fax: 813-274-6125
Email: James.Mandolfo@usdoj.gov

Joseph Palazzo
US Department of Justice
Criminal Division
1400 New York Ave., Ste. 10302
Washington, DC 20001
202-445-7910
Email: joseph.palazzo@usdoj.gov