UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,  CIV. NO. 8:19-CV-1060-T-23JSS

    Plaintiff,

vs.

ONE 2017 LAMBORGHINI HURACAN,
VEHICLE IDENTIFICATION NUMBER
ZHWUR1ZF7HLA05916; AND,
ONE 2017 PORSCHE CAYENNE,
VEHICLE IDENTIFICATION NUMBER
WP1AA2A29HKA83052;

    **Defendants** *in rem*.

_____/

**CLAIMANT: JENNY AMBUILA**
_____/

## CLAIMANT, JENNY AMBUILA'S
## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY

**COMES NOW** the Claimant, **JENNY AMBUILA**, by and through her undersigned counsel, and presents herewith, her Response in Opposition to Plaintiff's Motion to Stay [D.E. 25], (the Plaintiff is referred to herein as the "Government"), and states as follows:

1. On January 9, 2018, the Internal Revenue Service ("IRS") seized a 2017 Lamborghini, Vehicle Identification Number ZHWURIZF7HLA05916 and a 2017 Porsche Cayenne, Vehicle Identification Number WPIAA2A29HKA83052.

2. The IRS commenced administrative forfeiture proceedings of the vehicles, and on March 13, 2018, and the Claimant, Jenny Ambuila, filed her claim through the undersigned counsel contesting the forfeiture

3. By the filing of said claim, the administrative proceeding terminated, and pursuant to 18 U.S.C. §983(a)(3)(A) the Government had ninety (90) days from March 13, 2018 in which to file its Complaint for Forfeiture.

4. The 90th day would have been June 11, 2018, however on June 7, 2018, the Government filed its first *In Camera* Motion for Extension of Time to File Complaint pursuant to 18 U.S.C. §983(a)(3)(A), therein alleging as grounds that there is an on-going criminal investigation concerning supposed money laundering.

5. The Court granted in-part the Government's first *In Camera* Motion for Extension of Time to File Complaint, and granted an extension of time to September 19, 2018.

6. On September 18, 2018, a second *in camera* request for more time to file its complaint for forfeiture was filed and Claimant objected and demanded the return of the two vehicles. The Court denied the Claimant's request to have the vehicles returned and granted the request for extension of time.

7. On December 21, 2018, the Government filed its third *in camera* motion for an extension of time to file its complaint for forfeiture. Again, the Claimant objected but the Court granted the extension.

9. On January 24, 2019, the Claimant filed a Writ of Mandamus with the Eleventh Circuit asking the Court to Order the District Court to return the two vehicles to the Claimant. The Writ was denied.

10. On May 1, 2019, the government filed the verified complaint seeking forfeiture of the two vehicles and, on September 16, 2019, the Claimant filed her answers and affirmative defenses.

11. The subject vehicles were seized by the Internal Revenue Service ("IRS") on **January 9, 2018**, in excess of twenty seven (27) months ago. The vehicles have depreciated in

value and continue to depreciate in value. It is submitted that this is unacceptable and is clearly in derogation of the Claimant's rights under the Due Process clause of the United States Constitution.

## ARGUMENT

The claimant's Fifth Amendment right to Due Process has been violated by being deprived her of her fundamental right to property. Persons asserting a right to seized property have a right "to be heard 'at a meaningful time and in a meaningful manner'" *United States v. Crozier,* 777 F.2d 1376, 1383 (9th Cir.1985) (holding that (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965))).

In the *Barker Case*, the Supreme Court established a four-prong test to determine whether a post-seizure delay is unreasonable, considering: (1) the length of the delay; (2) the reasons for the delay; (3) the timing of claimant's assertion of his rights; and (4) prejudice to the claimant. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)[1]; *Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in U.S. Currency,* 461 U.S. at 564-69, 103 S.Ct. 2005. Undersigned counsel submits, that the same arguments can be made under the present circumstances.

● **The four factors are as follows:**

(1) <u>The length of the delay</u>.

The two vehicles were seized on January 9, 2018. If this Court grants the Plaintiff's motion to stay, the Claimant will continue to be deprived of her right to due process under the U.S.

---

[1] The United States Supreme Court stated in *Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in U.S. Currency,* "*Barker* dealt with the Sixth Amendment right to a speedy trial rather than the Fifth Amendment right against deprivation of property without due process of law. Nevertheless, the Fifth Amendment claim here—which challenges only the length of time between the seizure and the initiation of the forfeiture trial—mirrors the concern of undue delay encompassed in the right to a speedy trial. The *Barker* balancing inquiry provides an appropriate framework for determining whether the delay here violated the due process right to be heard at a meaningful time."

Constitution for an unreasonable time with no certain timeframe in sight.

(2) <u>The reasons for the delay</u>.

The Government claims that the instant matter should be stayed because "discovery will adversely affect the ability of the Government to conduct a related criminal investigation and the prosecution of a related criminal case." The Government further alleges that Federal Rule of Civil Procedure 26(a)(1) requires the Plaintiff [Government] to disclose the name, address, and telephone number of all witnesses that the Plaintiff [Government] may use to support its claim, and that such disclosures would harm a related criminal investigation as well as harm the current prosecution of Claimant Jenny Lizeth Ambuila Chara in Colombia. The Government also alleges that disclosing these Government witnesses at this time could jeopardize their safety or render them unavailable for criminal court proceedings. [D.E. 25]

It should be noted that this investigation began way before the January 9, 2018 date when the Claimant's vehicles were seized. The Government has had more than enough time to investigate the case and file indictments against individuals who are alleged to have violated U.S. laws. It's a matter of fact, the government states in their motion that indictments have been filed already.

Undersigned counsel submits, that the Government's motive behind filing the motion to stay is an attempt to continue to put pressure on Claimant and Claimant's family to cooperate with the United States Government.

(3) <u>The timing of claimant's assertion of her rights</u>.

The two vehicles were seized on January 9, 2018. On March 13, 2018, Ms. Ambuila filed her timely claim, through her attorney, contesting the forfeiture of the vehicles. On May 1, 2019, the Government filed the verified complaint and on September 16, 2019, the Claimant filed her answers and affirmative defenses. Therefore, the Claimant has fully complied with all

requirements in a timely fashion.

   (4) <u>Prejudice to the claimant</u>.

The two vehicles at issue are one 2017 Lamborghini and a 2017 Porsche Cayenne. These vehicles were purchased new for $330,000.00 and $80,000.00, respectively.

Since the seizure of the vehicles on January 9, 2018, the vehicles have depreciated significantly. The depreciation of the vehicles will substantially continue if the Plaintiff's motion to stay is granted by this Court, all to the prejudice of the Claimant.

**WHEREFORE**, the Claimant, **JENNY AMBUILA**, respectfully requests this Honorable Court to enter its Order Denying the Plaintiff's Motion to Stay.

Respectfully submitted,

> George J. Vila, Esquire
> (Florida Bar No. 141704)
> 201 Alhambra Circle, Suite 702
> Coral Gables, FL 33134
> Tel: (305) 445-2540
> Email: gvila@gjvpa.com
> (Counsel for Defendants *in rem*,
> 2017 Lamborghini Vehicle and
> 2017 Porsche Cayenne Vehicle, and
> Claimant, Jenny Lizbeth Ambuila Chara.)
>
> By: ***/s/ George J. Vila***
>     George J. Vila, Esq.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 23rd day of April, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

George J. Vila, Esquire
(Florida Bar No. 141704)
201 Alhambra Circle, Suite 702
Coral Gables, FL 33134
Tel: (305) 445-2540
Email: gvila@gjvpa.com
(Counsel for Defendants *in rem*,
2017 Lamborghini Vehicle and
2017 Porsche Cayenne Vehicle, and
Claimant, Jenny Lizbeth Ambuila Chara.)

By: */s/ George J. Vila*
George J. Vila, Esq.

## SERVICE LIST

**United States of America v. 2017 Lamborghini Vehicle and 2017 Porsche Cayenne Vehicle**
**(Claimant: Jenny Lizbeth Ambuila Chara)**
**Case No. 8:19-CV-1060-T-23JSS**
**United States District Court, Middle District of Florida**

Joseph Palazzo, Trial Attorney
US Department of Justice
Criminal Division
1400 New York Ave., NW, 10th Floor
Washington, DC 20005
Telephone: 202-514-1263
Email: joseph.palazzo@usdoj.gov