UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

United States of America,

      Plaintiff,                       CIV. NO. 8:19-CV-1060-T-23JSS

      v.

One 2017 Lamborghini Huracan,
Vehicle Identification Number
ZHWUR1ZF7HLA05916; and,

One 2017 Porsche Cayenne,
Vehicle Identification Number
WP1AA2A29HKA83052;

      Defendants *in rem*.

## Plaintiff's Motion to Extend Stay

Plaintiff, United States of America, by and through its undersigned attorneys, hereby moves for an extended order of Stay of all proceedings, pursuant to Title 18, United States Code, Section 981(g)(1), pending the outcome of parallel criminal proceedings and related criminal investigations. In support of its motion the Government relies on its status report filed February 18, 2022, as Docket No. 45, and all *ex parte* filings previously submitted pursuant to Title 18, United States Code, Section 981(g)(5), as well as representations made below.

**Factual Background**

This *in rem* civil forfeiture action centers around two vehicles seized from

Jenny Lizeth Ambuila Chara (hereafter, "J. Ambuila" or the "Claimant"), a resident of the Republic of Colombia. Since the vehicles' seizure, J. Ambuila has been arrested in Colombia and currently faces criminal money laundering charges there. As part of the Colombian proceedings, the two vehicles in the instant matter have been identified as evidence and forfeitable proceeds in the Colombian criminal case. See Exhibit A to Doc. 25 regarding charges in Colombia against the Claimant and the vehicles at issue in this matter. J. Ambuila's father, Omar Ambuila (hereafter, "O. Ambuila") is also charged in the same criminal case in Colombia. *Id.*

On February 19, 2020, a Federal grand jury sitting in Tampa, Florida, returned an indictment charging Jose Ismael Irizarry and Nathalia Gomez-Irizarry with conspiracy to launder monetary instruments and other crimes. *U.S. v. Irizarry, et al.*, 1:20-CR-77-CEH-TGW (M.D. Fla.). Count one of the indictment alleged that the same 2017 Lamborghini Huracan at issue here was purchased with illegal proceeds during an international money laundering conspiracy. *Id.*, Doc. 1, para. 27. The indictment further alleged the 2017 Lamborghini Huracan to be criminally forfeitable. *Id.*, para. 66. Per Local Rule 1.04(d), the plaintiff filed a Notice of Pendency of Related Case in the current civil matter. Doc. 23.

Irizarry and Gomez-Irizarry both plead guilty to all charges on September 14, 2020. As part of Irizarry's guilty plea, he admitted to using a Florida shell corporation held in the name of Gomez-Irizarry to wire transfer

2

$11,000 to J. Ambuila derived from specified unlawful activity. *U.S. v. Irizarry, et al.*, 1:20-CR-77-CEH-TGW (M.D. Fla.), Doc. 59 at 31. On December 9, 2021, Irizarry was sentenced by Judge Charlene E. Honeywell to a term of twelve years imprisonment and forfeiture of his interest in the 2017 Lamborghini Huracan.

On May 11, 2021, an indictment was unsealed charging O. Ambuila in this Court with a single count of conspiring to launder monetary instruments. *U.S. v. Omar Ambuila*, 1:21-CR-103-VMC-AAS (M.D. Fla.), Doc. 1. The indictment alleges, *inter alia*, that O. Ambuila is a customs official employed by the government of Colombia. *Id.* The indictment further alleges O. Ambuila purchased the *res* at issue in the instant civil litigation with proceeds of specified unlawful activity as part of an international money laundering scheme whereby O. Ambuila used surrogates to clandestinely transfer illicit proceeds to J. Ambuila. *Id.* The indictment gives notice to O. Ambuila and all others that the Government seeks to criminally forfeit the *res* at issue in the instant civil matter upon criminal conviction of O. Ambuila. *Id.*

O. Ambuila has been arrested in Colombia pursuant to a warrant from this Court. The Government is currently seeking extradition of O. Ambuila to stand trial here. A formal extradition request has been delivered to the proper Colombian authorities and litigation in Colombia over the extradition is ongoing. The Government has no information regarding when it will be adjudicated.

On May 13, 2021, the Government notified counsel of record for J. Ambuila that O. Ambuila had been indicted in the Middle District of Florida and had been arrested in Colombia. A courtesy copy of the O. Ambuila indictment was forwarded to counsel for J. Ambuila. Counsel has stated to the Government that he represents both O. Ambuila and J. Ambuila.

Counsel and the Government have conferenced multiple times regarding a possible pre-trial resolution of this matter, including as recently as March 31, 2022, but have not yet been able to reach an agreement. Discussion is ongoing. The Claimant does not join the Government in this motion to extend stay.

**<u>Argument</u>**

The instant matter should be stayed because "discovery will adversely affect the ability of the Government to conduct a related criminal investigation and the prosecution of a related criminal case." 18 U.S.C. 981(g)(1); *see also United States v. VIN: WP1AD2A26DLA72280*, No. 2:13–cv–636–FtM–38DNF, 2014 WL 289379 (M.D. Fla. Jan. 27, 2014) (stay granted because discovery of the identities of the witnesses in the civil case by the criminal defendant would jeopardize the criminal investigation); *United States v. $1,669,675*, 2014 WL 687553, *3 (S.D. Fla. Jan. 16, 2014) (Claimant cannot negate the need to stay a civil case merely by proposing to dispense with discovery; that government would have to identify the witnesses in its criminal case and expose their testimony is itself reason to grant a stay). The Court's scheduling order (Dkt. 7) and Federal Rule of Civil Procedure 26(a)(1) require

4

the plaintiff to disclose the name, address, and telephone number of all witnesses that the plaintiff may use to support its claim. Such disclosures would harm an ongoing related criminal investigation described *ex parte*, would harm the Government's case in *U.S. v. Omar Ambuila*, 1:21-CR-103-VMC-AAS (M.D. Fla.), as well as harm the prosecution of Omar Ambuila and Claimant Jenny Lizeth Ambuila Chara in Colombia.

The instant matter and *U.S. v. Omar Ambuila* share overlapping fact witnesses. Disclosing these government witnesses at this time could jeopardize their safety or render them unavailable for criminal court proceedings. One such witness has already received personal physical threats, as well as threats to the lives of the witness's family.

**Conclusion**

For the foregoing reasons, as well as reasons set forth in the Plaintiff's recent status report and its previous *ex parte* filings, the Plaintiff's motion should be granted and this matter stayed until the resolution of *U.S. v. Omar Ambuila*, 1:21-CR-103-VMC-AAS (M.D. Fla.).

DATED this 31st day of March, 2022.

                                              Respectfully submitted,

                                              DEBORAH L. CONNOR
                                              CHIEF
                                              Money Laundering and Asset Recovery Section

                                      By: __/s/Joseph Palazzo_____
                                              Joseph Palazzo, MDFL. No. 0669666

U.S. Department of Justice Trial Attorney
1400 New York Avenue, NW - 10th Floor
Washington, DC 20005
(202) 514-1263
joseph.palazzo@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of March, 2022. I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                   */s/Joseph Palazzo*
                                   Joseph Palazzo
                                   U.S. Department of Justice Trial Attorney